

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| VICTOR COLUNGA,<br>    Plaintiff,<br><br>v.<br><br>Chicago Police Officers<br>Unknown Officer #1,<br>Unknown Officer #2,<br>and the City of Chicago,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 08CV1600<br>JUDGE DARRAH<br>MAG. JUDGE SCHENKIER<br><br>FILED<br>MAR 19 2008<br>Mar 19, 2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

### CIVIL COMPLAINT

**NOW COMES** the plaintiff, VICTOR COLUNGA (hereinafter "Colunga"), by and through his attorneys, ERICKSON & OPPENHEIMER, LLC, complaining of the Defendants, Chicago Police Officers Unknown Officer #1, Unknown Officer #2, and the CITY OF CHICAGO, and states as follows:

### Introduction

1. This is a civil action seeking damages against defendants for committing acts under color of law and depriving plaintiff of rights secured by the Constitution and laws of the United States. In sum, Plaintiff was assaulted and battered and has been harmed by the unconstitutional conduct of the Defendants.

### Jurisdiction and Venue

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. § 1331 and 1343(a); the Constitution

1

of the United States; and the pendant jurisdiction for attendant state claims as provided under 28 U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. Section 1391 (b). The events purported herein all occurred in the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

**Parties**

4. Plaintiff Colunga resides at 5409 S. Tomlin Ave., Chicago, Illinois 60632.

5. Defendants Chicago Police Officers are all employees of the Chicago Police Department and acted under their authority as duly appointed police officers in the Chicago Police Department at all relevant times.

6. Defendant City of Chicago is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was the employer of Unknown Officer #1 and Unknown Officer #2.

**Background Facts**

7. On the evening of April 24, 2007, at approximately 11:00 p.m., Plaintiff Colunga was in his home, the basement apartment located at 5409 S. Tomlin Ave., in Chicago, Illinois, along with two friends.

8. Colunga and his friends were socializing, drinking beer, and playing cards when there was a knock upon the door.

9. Assuming the knock was by a neighbor, Colunga did not answer the door.

10. After knocking a second time with no answer, the officers opened the door and entered the residence of Plaintiff Colunga.

11. Colunga heard voices from the front door speaking English and went to investigate who had entered his residence.

12. Upon entering the living room Colunga found the two officers in his home, whereupon Unknown Officer #2 asked Plaintiff Colunga to identify himself.

13. Colunga, still wearing his work shirt with his name embroidered on the front, pointed to his name and stated it for the officers.

14. One of Colunga's friends, still in the kitchen, made a statement in Spanish loud enough for the officers to hear, at which time the officers asked Colunga who else was present in the residence.

15. Colunga stated that two friends were present and Unknown Officer #2 entered the kitchen and began to search both of the friends as well as the drawers, cabinets, kitchen appliances, followed by the bedroom, closets, and other rooms of the residence.

16. Unknown Officer #1 then asked Plaintiff Colunga to accompany him outside to the police car, where there were two men in the rear seat.

17. Unknown Officer #1 asked Plaintiff Colunga if he recognized either of the men in the car, to which Colunga answered in the affirmative, and identified the men as his friends.

18. Unknown Officer #1 then asked Plaintiff Colunga if he knew anything about a black Lincoln to which Colunga responded in the negative, or if Colunga owned a car, to which Colunga said yes and pointed to his green Chevrolet pickup truck.

19. Unknown Officer #1 then asked Plaintiff Colunga if a set of keys the officer had in his possession belonged to Colunga, to which Colunga stated no.

20. Unknown Officer #1 then returned to the residence of the Plaintiff and knocked upon the door of the residence located on the first floor, the home of a cousin of Plaintiff Colunga named Javier.

21. Javier answered the door and Unknown Officer #1 asked Javier if he knew how to speak English, to which Javier responded no.

22. Unknown Officer #1 then took Javier to the police car and asked Javier if he knew the men in the rear seat, or about a black Lincoln or the car keys in the Officers' possession, to which again Javier responded no.

23. Unknown Officer #1 told Javier to return to his apartment, whereupon Plaintiff Colunga asked Unknown Officer #1 for his name and star number.

24. Unknown Officer #1 responded by stating to Colunga "Do you want to go to jail?", to which Colunga responded that he had not done anything and so to take him.

25. Unknown Officer #1 then turn and began to walk back to the basement, at which time Colunga repeated his request for the officer's name and star number.

26. Unknown Officer #1 then turned and pushed Plaintiff Colunga with both hands in the chest, which caused Colunga to fall backwards on the grass and hit his head on a pole.

27. Unknown Officer #1 then put one knee on Palintiff Colunga's chest, using his weight to hold him down, and penned Colunga's hands to his chest with his own, and asked again if Colunga wanted to go to jail.

4

28. Plainitff Colunga again responded to take him because he had not done anything, to which Unknown Officer #1 responded by kicking Colunga twice in the leg.

29. Unknown Officer #1 then returned to the residence at which time Colunga dialed 911 from his cell phone to report the ongoing situation.

30. The 911 Operator instructed Colunga to remain in his home and that an Inspector would be sent, at which time Colunga recorded the license plate number of the police car, a number M144222.

31. Colunga began to return to his residence when the officers emerged and Unknown Officer #1 stated and spelled his name and gave his star number.

32. Plaintiff Colunga returned to his home to find his bedroom a mess with the drawers open and bed messed up and waited until 4 am for the Inspector to arrive.

33. On or about the time of 4 am, Inspector O'Donnell, star number 2018, arrived and recorded Colunga's account of the incident with the officers, at which time the Inspector informed Plaintiff Colunga that the star number the officer gave was not an accurate star number.

## COUNT I

### EXCESSIVE FORCE, 42 U.S.C. §1983

34. Plaintiff realleges and reincorporates all previous paragraphs.

35. As described above, the acts of Defendant Officers were a deliberate and malicious deprivation of Colunga's constitutional rights against excessive force as guaranteed Colunga by the Fourth Amendment of the Constitution and made applicable to the state by the Fourteenth Amendment.

36. At all times relevant to the allegations contained in this complaint, no cause, legal or otherwise, existed for the Defendant Officers to assault and batter Plaintiff.

37. The physical violence inflicted upon Plaintiff by Defendant Officers was excessive, unnecessary, and unreasonable.

38. The acts of the Defendant Officers as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Colunga's rights.

39. As a direct and proximate result of the unreasonable and unjustifiable excessive force used by Defendant Officers, Colunga suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. § 1983.

40. The misconduct described was undertaken by Defendant Officers within the scope of their employment, and under color of law such that their employer, the City of Chicago is liable for their actions.

WHEREFORE, Plaintiff Colunga demands judgment against Defendant Officers for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

## COUNT II
## STATE BATTERY CLAIM

41. Plaintiff realleges and reincorporates all previous paragraphs.

42. Defendant Officers did not have a reasonable basis for using any force, or have a reasonable basis for the amount of force used.

43. Without the consent of Plaintiff Colunga, Defendants, Unknown Officer #1, intentionally, harmfully, and offensively touched Colunga by beating him with fists about his body, pinning him to the ground, and kicking his legs.

44. The Defendant's conduct that resulted in these batteries was undertaken with malice, willfulness and reckless indifference to Colunga's rights.

WHEREFORE, Plaintiff Colunga demands judgment against Defendant Officers for actual and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate, as well as reasonable attorney's fees and legal costs.

## COUNT III

### STATE ASSAULT CLAIM

45. Plaintiff realleges and reincorporates all previous paragraphs.

46. Acting under color of law, Defendant Officers denied Colunga's constitutional rights by assaulting him.

47. Plaintiff Colunga is a reasonable person who complied with Defendant officers' requests.

48. Any reasonable person would also have become apprehensive in the face of Officer Defendants' physical attack on Colunga.

49. The Defendant Officers' conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Plaintiff Colunga's rights.

WHEREFORE, because Defendant Officers created an apprehension of immediate physical harm, Plaintiff Colunga requests actual and compensatory damages in an amount

deemed at time of trial to be just, fair, and appropriate, as well as reasonable attorney's fees and legal costs.

## COUNT IV

### UNLAWFUL SEARCH AND SEIZURE, 42 U.S.C. §1983

50. Plaintiff realleges and reincorporates all previous paragraphs.

51. As described above, Defendant Officers, acting under color of law, illegally entered Plaintiff Colunga's home and conducted a search of its rooms and the persons located therein.

52. More specifically, Defendant Officers came to Colunga's front door and knocked twice, yet despite no one answering entered the premises upon finding the door unlocked.

53. After entering Plaintiff Colunga's home, Defendant Officers conducted a search of each room of the apartment, including closets and kitchen appliances, as well as a search of Plaintiff Colunga's friends who were present at the time.

54. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights, safety, and innocence of Colunga.

55. As a direct and proximate result of the wrongful actions of Defendants Plaintiff suffered mental, emotional and physical damage and traumas, humiliation, loss of liberty, mental distress and anguish.

WHEREFORE, as a result of Defendant Officers' unconstitutional search and seizure, Plaintiff Colunga suffered emotional injuries including mental and emotional damage and trauma, embarrassment and humiliation, mental distress and anguish, he requests actual

8

and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT V

## RESPONDEAT SUPERIOR

56. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

57. In committing the acts alleged in Count I-V, Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

58. Defendant City of Chicago is the employer of the Defendant Officers.

59. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

60. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

WHEREFORE, Plaintiff Colunga demands judgment against Defendant City of Chicago for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully Submitted,

_____
Jon Erickson
ARDC: 6205277

Erickson & Oppenheimer, LLC
4554 N. Broadway | Suite 325
Chicago, IL 60640 | 773.935.3130