IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR COLUNGA,       ) | |
|                       ) | |
| Plaintiff,            ) | |
|                       ) | No. 08 C 1600 |
| v.                    ) | |
|                       ) | |
| Chicago Police Officers ) | |
| Unknown Officer #1,   ) | Judge John W. Darrah |
| Unknown Officer #2,   ) | |
| and the City of Chicago, ) | Magistrate Judge Schenkier |
|                       ) | |
| Defendants.           ) | |

### DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant City of Chicago ("City"), by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, hereby submits the foregoing Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint:

#### Introduction

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States. In sum, Plaintiff was assaulted and battered and has been harmed by the unconstitutional conduct of Defendants.

**ANSWER:** **City admits that Plaintiff purports to bring a civil rights action, but lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in the above paragraph.**

#### Jurisdiction and Venue

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, the Judicial Code, 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction for attendant state claim as provided under U.S.C., § 1367(a).

**ANSWER:** **City admits that Plaintiff purports to bring a civil rights action and that jurisdiction is proper.**

3.     Venue is proper under 28 U.S.C. Section 1391 (b). The events purported herein all occurred in the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

**ANSWER:     City admits that venue is proper in the United States District Court for the Northern District of Illinois, but lacks sufficient knowledge or information to form a belief as to the residence of other parties.**

## Parties

4.     Plaintiff Colunga resides at 5409 S. Tomlin (sic) Ave., Chicago, Illinois, 60632.

**ANSWER:     City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

5.     Defendants Chicago Police Officers are all employees of the Chicago Police Department and acted under their authority as duly appointed police officers in the Chicago Police Department at all relevant times.

**ANSWER:     City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

6.     Defendant City of Chicago is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employee, and for injury occasioned thereby. It was the employer of Unknown Officer #1 and Unknown Officer #2.

**ANSWER:     City admits it is a municipal corporation organized under the laws of the State of Illinois. City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in the above paragraph.**

## Background Facts

7.     On the evening of April 24, 2007, at approximately 11:00 p.m., Plaintiff Colunga was in his home, the basement apartment located at 5409 S. Tomlin (sic) Ave., in Chicago, Illinois, along with two friends.

**ANSWER:     City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

2

8.  Colunga and his friends were socializing, drinking beer, and playing cards when there was a knock upon the door.

**ANSWER:     City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

9.  Assuming the knock was by a neighbor, Colunga did not answer the door.

**ANSWER:     City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

10.  After knocking a second time with no answer, the officers opened the door and entered the residence of Plaintiff Colunga.

**ANSWER:     City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

11.  Colunga heard voices from the front door speaking English and went to investigate who had entered his residence.

**ANSWER:     City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

12.  Upon entering the living room Colunga found the two officers in his home, whereupon Unknown Officer #2 asked Plaintiff Colunga to identify himself.

**ANSWER:     City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

13.  Colunga, still wearing his work shirt with his name embroidered on the front, pointed to his name and stated it for the officers.

**ANSWER:     City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

14.  One of Colunga's friends, still in the kitchen, made a statement in Spanish loud enough for the officers to hear, at which time the officers asked Colunga who else was present in the residence.

**ANSWER:     City lacks sufficient knowledge or information to form a belief as to**

the truth or falsity of the allegations contained in the above paragraph.

    15.    Colunga stated that two friends were present and Unknown Officer #2 entered the kitchen and began to search both of the friends as well as the drawers, cabinets, kitchen appliances, followed by the bedroom, closets, and other rooms of the residence.

    **ANSWER:**    **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

    16.    Unknown Officer #1 then asked Plaintiff Colunga to accompany him outside to the police car, where there were two men in the rear seat.

    **ANSWER:**    **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

    17.    Unknown Officer #1 asked Plaintiff Colunga if he recognized either of the men in the car, to which Colunga answered in the affirmative, and identified the men as his friends.

    **ANSWER:**    **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

    18.    Unknown Officer #1 then asked Plaintiff Colunga if he knew anything about a black Lincoln to which Colunga responded in the negative, or if Colunga owned a car, to which Colunga said yes and pointed to his green Chevrolet pickup truck.

    **ANSWER:**    **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

    19.    Unknown Officer #1 then asked Plaintiff Colunga if a set of keys the officer had in his possession belonged to Colunga, to which Colunga stated no.

    **ANSWER:**    **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

    20.    Unknown Officer #1 then returned to the residence of the Plaintiff and knocked upon the door of the residence located on the first floor, the home of a cousin of Plaintiff Colunga named Javier.

    **ANSWER:**    **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

21.     Javier answered the door and Unknown Officer #1 asked Javier if he knew how to speak English, to which Javier responded no.

**ANSWER:**     **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

22.     Unknown Officer #1 then took Javier to the police car and asked Javier if he knew the men in the rear seat, or about a black Lincoln or the car keys in the Officers' possession, to which again Javier responded no.

**ANSWER:**     **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

23     Unknown Officer #1 told Javier to return to his apartment, whereupon Plaintiff Colunga asked Unknown Officer #1 for his name and star number.

**ANSWER:**     **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

24.     Unknown Officer #1 responded by stating to Colunga "Do you want to go to jail?", to which Colunga responded that he had not done anything and so to take him.

**ANSWER:**     **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

25.     Unknown Officer #1 then turn (sic) and began to walk back to the basement, at which time Colunga repeated his request for the officer's name and star number.

**ANSWER:**     **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

26.     Unknown Officer #1 then turned and pushed Plaintiff Colunga with both hands in the chest, which caused Colunga to fall backwards on the grass and hit his head on a pole.

**ANSWER:**     **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

27.     Unknown Officer #1 then put one knee on Plaintiff Colunga's chest, using his weight to hold him down, and penned (sic) Colunga's hands to his chest with his own, and asked again if Colunga wanted to go to jail.

  **ANSWER:**  **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

  28. Plaintiff Colunga again responded to take him because he had not done anything, to which Unknown Officer #1 responded by kicking Colunga twice in the leg.

  **ANSWER:**  **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

  29. Unknown Officer #1 then returned to the residence at which time Colunga dialed 911 from his cell phone to report the ongoing situation.

  **ANSWER:**  **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

  30. The 911 Operator instructed Colunga to remain in his home and that an Inspector would be sent, at which time Colunga recorded the license plate number of the police car, a number MI44222.

  **ANSWER:**  **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

  31. Colunga began to return to his residence when the officers emerged and Unknown Officer #1 stated and spelled his name and gave his star number.

  **ANSWER:**  **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

  32. Plaintiff Colunga returned to his home to find his bedroom a mess with the drawers open and bed messed up and waited until 4 am for the Inspector to arrive.

  **ANSWER:**  **City admits that Sergeant O'Donnell arrived at 5409 S. Talman Ave at approximately 4 a.m. on April 25, 2007, but lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in the above paragraph.**

  33. On or about the time of 4 am, Inspector O'Donnell, star number 2018, arrived and

recorded Colunga's account of the incident with the officers, at which time the Inspector informed Plaintiff Colunga that the star number the officer gave was not an accurate star number.

**ANSWER:     City admits that Sergeant O'Donnell, Star No. 2018, recorded Plaintiff Colunga's account of the incident within an hour or so of 4 a.m. on April 25, 2007, but denies the remaining allegations contained in the above paragraph.**

## COUNT I
## EXCESSIVE FORCE, 42 U.S.C. §1983

34.   Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:     City reasserts its answers contained in all preceding paragraphs and incorporates those answers herein, as if fully restated.**

35.   As described above, the acts of Defendant Officers were a deliberate and malicious deprivation of Colunga's constitutional rights against excessive force as guaranteed Colunga by the Fourth Amendment of the Constitution and made applicable to the state by the Fourteenth Amendment.

**ANSWER:     City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

36.   At all times relevant to the allegations contained in this complaint, no cause, legal or otherwise, existed for the Defendant Officers to assault and batter Plaintiff.

**ANSWER:     City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

37.   The physical violence inflicted upon Plaintiff by Defendant Officers was excessive, unnecessary, and unreasonable.

**ANSWER:     City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

38.   The acts of the Defendant Officers as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Colunga's rights.

**ANSWER:     City lacks sufficient knowledge or information to form a belief as to**

the truth or falsity of the allegations contained in the above paragraph.

39.  As a direct and proximate result of the unreasonable and unjustifiable excessive force used by Defendant Officers, Colunga suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. § 1983.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

40.  The misconduct described was undertaken by Defendant Officers within the scope of their employment, and under color of law such that their employer, the City of Chicago is liable for their actions.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

## COUNT II
## STATE BATTERY CLAIM

41.  Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:** **City reasserts its answers contained in all preceding paragraphs and incorporates those answers herein, as if fully restated.**

42.  Defendant Officers did not have a reasonable basis for using any force, or have a reasonable basis for the amount of force used.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

43.  Without the consent of Plaintiff Colunga, Defendants, Unknown Officer #1, intentionally, harmfully and offensively touched Colunga by beating him with fists about his body, pinning him to the ground, and kicking his legs.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

44.  The Defendant's conduct that resulted in these batteries was undertaken with malice, willfulness and reckless indifference to Colunga's rights.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to**

the truth or falsity of the allegations contained in the above paragraph.

## COUNT III
## STATE ASSAULT CLAIM

45. Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:** **City reasserts its answers contained in all preceding paragraphs and incorporates those answers herein, as if fully restated.**

46. Acting under color of law, Defendant Officers denied Colunga's constitutional rights by assaulting him.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

47. Plaintiff Colunga is a reasonable person who complied with Defendant officers' requests.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

48. Any reasonable person would also have become apprehensive in the face of Officer Defendants' physical attack on Colunga.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

49. The Defendant Officers' conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Plaintiff Colunga's rights.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

## COUNT IV
## UNLAWFUL SEARCH AND SEIZURE, 42 U.S.C. §1983

50. Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:** **City reasserts its answers contained in all preceding paragraphs and**

incorporates those answers herein, as if fully restated.

    51.    As described above, Defendant Officers, acting under color of law, illegally entered Plaintiff Colunga's home and conducted a search of its rooms and the persons located therein.

    **ANSWER:**    **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

    52.    More specifically, Defendant Officers came to Colunga's front door and knocked twice, yet despite no one answering entered the premises upon finding the door unlocked.

    **ANSWER:**    **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

    53.    After entering Plaintiff Colunga's home, Defendant Officers conducted a search of each room of the apartment, including closets and kitchen appliances, as well as a search of Plaintiff Colunga's friends who were present at the time.

    **ANSWER:**    **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

    54.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights, safety, and innocence of Colunga.

    **ANSWER:**    **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

    55.    As a direct and proximate result of the wrongful actions of Defendants Plaintiff suffered mental, emotional and physical damage and traumas, humiliation, loss of liberty, mental distress and anguish.

    **ANSWER:**    **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

**COUNT V**
**RESPONDEAT SUPERIOR**

    56.    Plaintiff realleges and reincorporates all previous paragraphs.

    **ANSWER:**    **City reasserts its answers contained in all preceding paragraphs and**

incorporates those answers herein, as if fully restated.

57. In committing the acts alleged in Count I-V, Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

58. Defendant City of Chicago is the employer of the Defendant Officers.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

59. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

**ANSWER:** **City denies the allegations contained in the above paragraph.**

60. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the above paragraph.**

**WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in their favor on Plaintiffs' Complaint, award Defendant City of Chicago such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.**

## AFFIRMATIVE DEFENSES

1. The City of Chicago is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (2006).

2. Regarding Plaintiff's state law claims, the City of Chicago is not liable to pay attorneys' fees as "the law in Illinois clearly is that absent a statute or contractual agreement

11

'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979).

    3.    Regarding Plaintiff's state law claims, to the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows*, 167 Ill.2d 41 (1995).

    4.    To the extent plaintiff failed to mitigate his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff had a duty to mitigate their claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

## JURY DEMAND

**City demands trial by jury.**

Respectfully submitted,

MARA S. GEORGES

BY:

/s/ *Shneur Nathan*
SHNEUR NATHAN
Assistant Corporation Counsel

30 N. La Salle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
Atty. No. 06294495

12

**CERTIFICATE OF SERVICE**

  I, Shneur Z. Nathan, an attorney, hereby certify that on July 11, 2008, I caused Defendant City of Chicago's Answer to Plaintiffs' Civil Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same before the Court via the ECF system.

                /s/ Shneur Z. Nathan
                Shneur Z. Nathan